```
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------x

In re                                   Chapter 11

CHLOE FOODS CORP.,                      Case No. 108-48650-CEC
d/b/a Chloe Foods Manufacturing

              Debtor.

---------------------------------------x
```

**ORDER CONFIRMING SALE BY DEBTOR CHLOE FOODS CORP., OF SUBSTANTIALLY ALL OF THE ASSETS OF THE DEBTOR FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES, TO EM-ESS ACQUISITION LLC AND RELATED RELIEF**

CHLOE FOODS CORP., debtor and debtor in possession (the "Debtor"), by its attorneys, Davidoff Malito & Hutcher LLP, having moved this Court by application dated April 30, 2009 (the "Motion"), pursuant to sections 363(b), 363(f), 363(m) and 365 of title 11 of the United States Code, 11 U.S.C. §101, et seq. (the "Bankruptcy Code") and Rules 2002(a)(2), 6004 and 6006 of the Bankruptcy Rules to sell substantially all of the assets of the Debtor free and clear of all interests, liens, claims and encumbrances against such property, to EM-ESS Acquisition LLC or any higher and better offeror (the "Purchaser") pursuant to that certain Asset Purchase Agreement as amended (the "APA"), attached to the Motion, and to assume and assign certain executory contracts; and it appearing that the Purchaser will, subject to

00390360.3

the entry of this Order, enter in to a new lease with 3301 Atlantic Avenue LLC ("3301"), with the approval of 3301's mortgagee, Wells Fargo Bank, NA, as Trustee for the Registered Holders of Wachovia Bank Commercial Trust ("Wells Fargo"), covering the entire operating plant and perking lot across the street, commonly known as 3301 Atlantic Avenue, Brooklyn, NY (excluding 3301's property known as Section 13, Block 4142, Lot 1, and Block 4141, Lots 1, 33, 35 and 39, including any buildings and improvements, appurtenances, fixtures, equipment and any other personal property appurtenant to any buildings thereto), pursuant to lease dated May 21, 2009 (the "New Brooklyn Lease"), (a copy of which is annexed hereto as Exhibit "A"), under which, <u>inter alia,</u> Purchaser shall lease the aforesaid premises on a triple-net basis, subject to the following schedule of base rent: (a) no base rent shall be due in year one; (b) base rent shall be $125,000.00 per month in years two and three; and (c) base rent shall be $130,000 per month in years four and five; provided, however that Purchaser shall pay in each year of the term of the New Brooklyn Lease, as and when due, all additional rent, as such term is defined in the prior (now rejected) lease between 3301, as landlord, and the Debtor, as tenant (the "Prior Lease"), including, without limitation, payments in respect of all repairs during the entire term of the New Brooklyn Lease; and provided, further, that Marvin Sussman shall execute and deliver to 3301,

in a form reasonably acceptable to 3301 and Wells Fargo, a personal guaranty of payment (not collection) of rent in the amount of $1,080,000.00 in the event of a default under the New Brooklyn Lease; and provided, further, that Purchaser shall pay to Wells Fargo, for the account of 3301, the sum of $300,000.00 on account of the Debtor's obligation to pay postpetition rent under the Prior Lease, as an adjustment from sale proceeds, which payment shall be deemed to be in full satisfaction of the Debtor's pre and postpetition obligations under the Prior Lease or use and occupation; and it appearing that the Debtor will reject all other executory contracts except for those identified *on the schedule* annexed hereto as Exhibit "B"; and the Court having scheduled a hearing to conduct said auction on May 21, 2009 (the "Auction Hearing"); and due notice of the Motion and the Auction Hearing having been given; and all objections to the relief sought in the Motion having either been resolved pursuant to various agreements made on the record, including agreements between the Purchaser and Local 807 IBT and Local 348 United Food and Commercial Workers, or otherwise overruled; and the Purchaser having made the highest bid at the Auction Hearing; and it further appearing that the PACA trust creditors of Debtor, Bonell Produce, Inc., d/b/a Dublin Produce Co. ("Bonell"), Paris Foods, Corporation ("Paris"), Steve Malatesta Imports ("Malatesta") and Farm Fresh, Inc.("Farm Fresh"), have

3

independently agreed to contemporaneously transfer all of their respective rights, title and interests in the PACA trust assets of the Debtor and to release the Debtor and Purchaser of all sums due to them as part of the bid amount pursuant to this Court's prior Order for the sum of $1,158,000.00 for Bonell, $452,852.00 for Farm Fresh, $27,398.00 for Paris and $84,028.35 for Malatesta, to be paid by the Purchaser directly to them, except for Malatesta, as to whom the funds to pay its claim shall be escrowed pending resolution of Malatesta's PACA rights, if any; and there being no higher and/or better offers made; and after due consideration, and for good and sufficient cause appearing therefore; it being

**FOUND**, that the Purchaser constitutes a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code; it is

**ORDERED**, that the bidding procedures employed are hereby confirmed, ratified and approved; and it is further

**ORDERED**, that the APA is approved; and it is further

**ORDERED**, that the Debtor be, and it hereby is, authorized and directed to sell all of the assets enumerated in the APA to the Purchaser for $3,000,000.00 as adjusted (the "Purchase Price"), less the sums paid directly to the PACA trust beneficiaries or escrowed for Malatesta, free and clear of all interests, claims, liens, taxes and other encumbrances pursuant

to 11 U.S.C. § 363(b) and (f), with such interests, claims, liens, taxes and encumbrances to attach to the net sale proceeds in the same order and priority as they existed prior to the sale of the assets being sold, after satisfaction of the PACA beneficiaries; and it is further

**ORDERED**, that upon the Purchaser's payment, at the direction of 3301, of the sum of $300,000.00 to Wells Fargo on account of the Debtor's obligation to pay postpetition rent under the Prior Lease, such payment shall be deemed to be in full satisfaction of the Debtor's pre and postpetition obligations and/or use and occupation under the Prior Lease, and in further consideration of such payment Wells Fargo shall deliver a duly executed attornment and nondisturbance and subordination agreement in favor of the Purchaser; and it is further

**ORDERED**, that the executory contracts itemized on Exhibit "B" annexed hereto are hereby assumed and assigned to Purchaser with the Purchaser to effectuate the cure of all cure amounts subject to future reimbursement under the APA; and it is further

**ORDERED**, that all other executory contracts and unexpired leases are hereby rejected under section 365 of the Bankruptcy Code; and it is further

**ORDERED**, that the Debtor, by Annette Apergis, is authorized to execute, acknowledge and deliver all such other documents,

5

bills of sale, assignments, conveyances and other instruments of transfer and to take any and all other action as may be reasonably necessary to perform and close under the APA; and it is further

**ORDERED**, that the Purchaser is entitled to the protections of 11 U.S.C. § 363(m) and this Order shall be immediately effective and the 10 day stay under Bankruptcy Rules 6004(h) and 6006(d) are dispensed with and waived; and it is further

**ORDERED**, that as additional consideration, starting when the Purchaser reaches annual sales of $50,000,000.00, or more, then the general unsecured creditors are entitled to receive $10,000.00 per month for a period of 48 months, for a total sum of $480,000.00, which funds Purchaser shall pay into a fund for the benefit of general unsecured creditors to be held in escrow and distributed by Platzer Swergold, etc., as counsel for the benefit of the general unsecured creditors.

Dated:   Brooklyn, New York
         May 22, 2009

**s/Carla E. Craig**
Hon. Carla E. Craig
Chief United States Bankruptcy Judge